**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TARIQ HOFFMAN. | Criminal Action No. 17-80 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Tariq Hoffman's ("Defendant") Motion to Dismiss his indictment (the "Indictment") charging him as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)"). (ECF No. 32.) Following the Supreme Court's decision in *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) and the Third Circuit's en banc decision in *Range v. Attorney General United States*, 69 F.4th 96 (3d Cir. 2023) (en banc), Defendant argues that the Indictment must be dismissed as applied to him. The United States of America (the "Government") filed a brief in opposition to Defendant's Motion to Dismiss. (ECF No. 36.) Defendant did not submit a reply. For the reasons set forth herein, the Court denies Defendant's Motion to Dismiss.

**I.     BACKGROUND**

On March 9, 2017, Defendant was charged in a two-count Indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) On June 13, 2017, Defendant entered into a plea of guilty to Count One of the Indictment. (ECF Nos. 16-18.) As part of his plea agreement, the Government agreed to dismiss Count Two at sentencing. (*Id.*) At the plea hearing, Defendant admitted to having two previous felony convictions, one for unlawful possession of a weapon and one for possession with intent to distribute a controlled substance,

both carrying sentences of more than one year of imprisonment. (ECF No. 28.) On October 16, 2017, Defendant was sentenced on Count One to a term of 120 months imprisonment and three years supervised release. (ECF No. 20.) The Government then moved to dismiss Count Two of the Indictment, which the Court granted. (ECF Nos. 20, 22.)

Defendant, proceeding pro se, filed a Motion to Dismiss the Indictment. (ECF No. 32.) The Government opposed (ECF No. 36), and Defendant did not reply. The motion is now ripe for review.

## II.     LEGAL STANDARD

A defendant may bring a motion to dismiss a criminal pleading under Federal Rule of Criminal Procedure[1] 12. Pursuant to Rule 12(b)(3)(B), an alleged defect in the indictment "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B).

In analyzing a Rule 12 motion to dismiss, the district court "must accept as true the factual allegations set forth in the indictment." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (abrogated on other grounds by *Rehaif v. United States*, 588 U.S. 225 (2019)). Although the court's review generally is confined to the facts alleged in the indictment, *see United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011), the Third Circuit Court of Appeals has instructed that certain facts are critical when considering an as-applied challenge to § 922(g)(1) in the criminal context, including "the predicate offenses that made [the defendant] a felon" and "the circumstances of a criminal offense . . .regardless of whether they were charged." *United States v. Moore*, 111 F.4th 266, 272, 273 (3d Cir. 2024).

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Criminal Procedure.

## III. DISCUSSION

In Defendant's Motion, he argues that the Indictment should be dismissed because Section 922(g)(1) is unconstitutional as applied to him in violation of the Second Amendment. (*See* Def.'s Moving Br. 5.) Because Defendant's Motion is procedurally defective, the Court need not dive into the merits of his argument.

Rule 12(b)(3) governs certain defenses, objections, and requests that "*must* be made by *pretrial* motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Since Defendant moved to dismiss the Indictment post-guilty plea, Defendant's Motion to Dismiss is untimely. Moreover, district courts do not have *inherent* powers to correct criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (emphasis added). The Court can only "modify a [d]efendant's sentence [or judgment] . . . in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* There is, however, no authority granting the district court jurisdiction to dismiss one or more counts in an indictment once the judgment is entered. Instead, Defendant must challenge his conviction under 28 U.S.C. § 2255, which is the proper statutory vehicle for seeking relief at this stage. *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) ("[T]here is no general right, other than on collateral attack, to challenge a conviction or indictment after the defendant pleads guilty.").

Although Defendant filed his challenge as a motion to dismiss, "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Miller*, 197 F.3d at 648 (citation omitted). "In keeping with these obligations, district courts have 'routinely converted post[-]conviction motions of prisoners who unsuccessfully sought

relief under some other provision of law into motions made under 28 U.S.C. § 2255 and proceeded to determine whether the prisoner was entitled to relief under that statute.'" *Id.* (quoting *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998)). Even if the Court were to recharacterize Defendant's Motion as a § 2255 motion, the Court would still deny his Motion because this Court lacks jurisdiction to hear his successive § 2255 motion.[2]

A defendant must bring all his arguments collaterally attacking a conviction or sentence in a single, timely § 2255 motion. *See id.* at 649 ("To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their

---

[2] The Court is cognizant that, in *United States v. Miller*, the Third Circuit held that:

> district courts must first take certain prophylactic measures before recharacterizing a pro se petitioner's post-conviction motion as a § 2255 motion *or* ruling on a § 2255 motion denominated as such. More specifically, we prescribe that upon receipt of a pro se pleading challenging an inmate's conviction or incarceration – whether styled as a § 2255 motion or not – district courts should issue a form notice to the petitioner regarding the effect of such a pleading in light of [the Antiterrorism and Effective Death Penalty Act of 1996] [("]AEDPA["]]. This communication should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petitions absent certification by the court of appeals; or (3) withdraw his motion and file one all-inclusive § 2255 petition within the one-year statutory period prescribed by AEDPA in § 2255.

*Miller*, 197 F.3d at 646. The Court, however, notes that this notice applies only to Defendant's *first* § 2255 motion. *See id.* (emphasis added); *see also Castro v. United States*, 540 U.S. 375, 377 (2003) ("[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's *first* § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."). Here, the Court takes judicial notice that Defendant has already filed a civil motion for § 2255 relief in light of the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019). *See Hoffman v. United States*, No. 20-7640, 2021 WL 5494394, at *4 (D.N.J. Nov. 23, 2021). As such, the Court need not put Defendant on notice before construing his motion as a § 2255 motion.

4

convictions."); 28 U.S.C. § 2255(f). District courts lack jurisdiction to consider a second or successive § 2255 motion unless it meets the requirements under § 2255(h). *See* 28 U.S.C. § 2255(h). Subsection 2 of that provision requires new claims to be certified by the appropriate court of appeals—and then confirmed upon closer review by the district court—to rest on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." § 2255(h)(2); *see In re Hoffner*, 870 F.3d 301, 309 (3d Cir. 2017). This pre-filing authorization requirement is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Here, Defendant's claim for relief based on *Range* has not been authorized under § 2255(h)(2). This is because it does not invoke a new rule of constitutional law, and the Supreme Court has not addressed the issue. As such, the Court likewise denies Defendant's Motion to the extent it construes it as a § 2255 motion.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is denied. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE